Good morning your honors. Andrew Stewart on behalf of Julian Zapata Espinoza. Before we begin, my profound and sincerest apologies for not being present on time this morning. As a practice, I am not late for court and I do not miss court and so let me just say that this is a, I'm extremely embarrassed and I apologize to the court. May it please the court. Mr. Zapata Espinoza, I think that really what the question that this case with the government's response boils down to is whether or not this appeal waiver that's present in the plea paperwork absolves the court, the district court of the requirements of 3553A. In C through F and then in the sentencing guidelines to state with some specificity to the defendant or Mr. Zapata Espinoza why it is giving the sentence that it's giving. And I think that when parties enter into a plea agreement there are, as I explained in my reply, that the parties are giving up certain rights. On the one hand, the government is agreeing to limit the manner in which they're pursuing the case through a trial. The defendant is giving up certain rights including what we would expect would be an appeal waiver. In this case, that appeal waiver also comes with certain guarantees. That is that he would be sentenced according to 3553A. And in this case, that didn't happen. Really the problematic point in this case is that when Mr. Zapata Espinoza was sentenced, he was sentenced along with four other or three other individuals. These are the co-defendants, some of whom, and there were additional co-defendants who had been sentenced I think the previous day. And the district court during the sentencing while imposing sentence said that they had listened to counsel's arguments, they had read counsel's submissions, and without addressing Mr. Zapata Espinoza directly, then went on to impose a sentence. What's your argument for why the appeal waiver is inoperative? Because under our decisions, the burden is on you to show that the appeal waiver is inoperative. And as the government pointed out, the language of that appeal waiver in the plea document was crystal clear. I think also that the language is crystal clear about what the defendant's expectations were about how he would be sentenced. I don't even understand your argument, Mr. Stewart. So are you relying on the district judge's failure to comply with Rule 11B1N and make sure in open court that the defendant understands in particular the terms of the plea agreement provision waiving the right to appeal? Well, he failed to do that. Right. But I didn't see you relying on that or citing to that. And then I didn't see you addressing our precedents, you know, Conley, Brown, Schemerani, and the circumstances under which an appeal waiver is or is not a barrier to appeal. I mean, you're arguing a merits issue without an argument about why what you characterize as a crystal clear appeal waiver is not a barrier. Well, I think that was the way the government characterized it in their brief. Why isn't it a barrier? Why isn't it a barrier? Yes. Well, one of the cases that the government relied on was Piles. And in Piles, there were no co-defendants, and there were a number of statements that were made throughout that hearing. You're going to the merits. I understand that, Your Honor. Piles is not an appeal waiver case. So with the – so I think the first issue is that there are – it wasn't discussed during the colloquy. The second issue is whether or not to what extent it affected Mr. Zapata-Espinosa's substantial rights as a result of that failure. I thought part of your concern was that while the district court made a reference, it made a generalized reference to waivers of appeal with certain exceptions, but didn't spell out the exceptions. So your client was not clear. Is that your argument? No, I think – so our – If that's not your argument, then what is? Well, so that – of course, that's what we're arguing the issue is. But generally, I think that when you have that failure to address one of the issues that – or one of the waivers that is present in the plea agreement, and then there's no discussion about – or there's no opportunity for the defendant to be advised about how that waiver would affect other provisions within the plea agreement. And so there was just no discussion of that. You are arguing that the exceptions were not explained. With – I mean, what's the error that you view the district court made? Is that he didn't – I thought your brief said he didn't explain what the defendant could actually appeal. He made this general reference to waiving your right to appeal subject to certain exceptions. Right. So – and perhaps I'm not doing an effective job of articulating what our position is. But just very simply, tell us. What is the error you think the district court made? I think the error is that by initially failing to address the waiver issue and then – He addressed it, but only in general terms. Very general terms and not sufficiently. And then as a result of that, there were other rights that were expected. Like what? Like how he would be sentenced. And so there's no – there was no conversation or there – by not addressing the appeal waiver effectively during the plea colloquy, the defendant then had no opportunity to understand how that provision interacted with other provisions of the plea agreement and specifically how he would be – how he could expect to be sentenced. Let me ask you this. So put aside anything that happened at the plea hearing. If you just read the waiver provision, do you disagree that the waiver provision covers this very issue? So in a vacuum, I think yes. But then the question is – Yes, you agree that this would have been waived. If not for the issues that occurred subsequently. Okay. Yes. So just on the plain reading of the waiver provision, it controls. But then something else must have happened to have rendered the waiver unenforceable. So the question has to be what happened that rendered the waiver unenforceable? And I didn't see anything in your brief, in your reply, because your reply brief is the one that addresses this. I didn't see anything in your reply brief that talks about what happened at the plea hearing or maybe I missed it. So at the plea hearing, there's the failure to address the waiver sufficiently. Right. Now, if the court had – And we know that's not enough in and of itself because we know from our decisions that even if the district court doesn't engage in the Rule 11 Colloquy about the appeal waiver, the defendant still has the burden to show that that resulted in a violation of his or her substantial rights. Of course. Right. So you're saying that this comment by the district judge, and I think the only comment in the plea colloquy or anywhere by the district judge in open court was, and you understand under some circumstances you or the government may have the right to appeal whatever sentence I impose. Right? The JA-41. So your position is that that created confusion or conflict about the scope or extent of the written appeal waiver? To a certain extent, yes. I think that at that moment, I don't think that the parties couldn't anticipate how the sentencing would play out. But that is a separate question. Yes, ma'am. That is the merits. That is the unknown that the ex ante waiver weighs. So it doesn't bear. I understand. On the enforceability or not. And so the issue then is, and I'm running low on time, but the issue then is when you have that vagueness that is interjected during the plea hearing and you have other provisions that create certain responsibilities for the court and an expectation in the defendant as to how they're going to be sentenced, then that is where the substantial rights. Where did you raise the vagueness issue? Because I didn't see that anywhere in your brief. I didn't see you ever say that something the district judge said during the plea hearing created vagueness. So I. And I thought the way you started your argument today was that you weren't making that argument. But now it sounds like you are making that argument. And I just didn't see that anywhere. But you can point me to it. I'm happy to. I'm not sure that I made the argument the same way that I just articulated it right now in response to the court's questioning. I think that. I thought the gist was you were arguing that the defendant asked for a lower sentence. He didn't get it. And the judge never explained why he didn't give him the lower sentence. That's one of your arguments. That's your merits argument. Right. But how do you get over this initial hump? So then with the government raising the issue of the waiver, sort of the gist of that, and perhaps I was not specific enough in how I addressed that issue, is exactly how do we get to the merits argument? And so when. As you know from our precedent, we're enforcing these waivers. Absolutely. And you've got the burden. And I've dissented in one case, but I couldn't persuade my colleagues. So you have the majority opinion in Lee. And that's the binding law in this circuit. I understand that. And there it was clear that the defendant was relying on subsection N. And Lee does the totality of the circumstances about voluntariness. Your client is not an English speaker. That's correct. I know that the plea agreement at paragraph 11 in the sealed appendix provides that he's entitled to a certified interpreter to verbally translate the plea agreement. Was that ever done? Do you know whether? Yes. My understanding is that all of these documents were translated to him in their entirety prior to the plea hearing. So he wasn't just walking in and having this English document that's maybe been shown to him translated for him for the first time. And is there any record? I didn't see it on the docket. Is there any record of that? My recollection is that there is, but I couldn't point the court to exactly where that is. I don't recall if there was a specific . . . Let me ask you a question about the argument that I'm not sure that you're making, but that at least has been . . . you said you've fleshed out in more detail here at the podium, which is there was ostensibly some vagueness in what the district judge said during the plea hearing. So the relevant statement, I think, is a JA-41, and the judge says . . . the district court says, and you understand under some circumstances, you or the government may have the right to appeal whatever sentence I impose. That's the entirety of the reference to this, I believe. That's my understanding. And what's wrong with that? Why doesn't that exactly say what the plea agreement says? Because under the waiver provision, there are some things that can be appealed, and there are some things that can't. And I think that had the court made a more complete description of what was being waived, then that would have . . . if there would have been any misunderstanding about what Mr. Zabatez-Penas was allowed to appeal or not, I think that making a more complete statement to him during the colloquy would have made the waiver completely enforceable. Well, it would certainly have been more clear had more been done. There's no doubt about that. That's always the case. But we also know that had nothing been said, that still wouldn't mean that your client would win because that's Lee. Right. So then the question is, was something that was said make it worse than nothing being said? Because if nothing's said, then under your own argument, you can't get home because the plea agreement says what it says. So the question is whether the something that was said gives your client an argument that they wouldn't otherwise have had. And I'm not sure what that argument would be because the court just says that under some circumstances, you or the government may have the right to appeal, and that just seems like that's true. That's what the waiver provision does say. Right. So two points. I guess the first one is whether or not this vagueness opens up some sort of an ability for him to challenge the waiver. Right, as under United States v. Brown, the 2018 version, where we held that the court's statement in open court, you may even have an opportunity to appeal the sentence on grounds of reasonableness, that that did create some conflict with the written agreement. And I think the question is, are you making a similar argument here? And if so, can you explain how that conflict, wherein that conflict occurs? Yes. So I think I am making a similar argument here. At least I'm trying to. And where that becomes important is with these other provisions that describe how he's to be sentenced. And so there is the appeal waiver, but then also language that just explains that the court must follow 3553A and C through F. At the time of sentencing, he doesn't know how that's going to play out when it comes time for him to be sentenced, but it does create a certain expectation. And with this vague statement made by the court, well, there may be some circumstances where you're able to appeal. Then when it comes to him being sentenced and the court addresses him along with his co-defendants and makes those general statements about having read the pleadings and listened to the argument and then stating that they agree with the government and then imposing the sentence that the government recommended, that removes the requirement or ignores the requirement that he be addressed specifically. What's the prejudice from that? And this is assuming the merits and going forward. What should the judge have said that the judge didn't say? Maybe another way of putting it is the defendant believed that had the judge only had to explain what he did, he would have realized that Zapata should have gotten a lower sentence like one of the other defendants, or is there some inconsistency between the way the pluses and minuses were weighed in his case versus the way similar factors were weighed in the other cases? It's just not entirely clear to me what the merits, what the prejudice is. And I think this is one of the problems when a court doesn't address someone specifically. It's that then on appeal it's difficult to speculate as to what the tipping point or the important arguments were in imposing the sentence. And so as some of the case law points out, we're left to guess. But he must have a sense of I didn't get my day in court because if the judge had only acknowledged fill in the blank, I would have gotten a lower sentence. And I don't have a feeling of that from your brief. What is it that was because unexplained, unrecognized, that could have made a positive difference for your client? Well, first I think that any defendant who's before a court being sentenced has an expectation that the court's going to explain why it is that they're giving whatever sentence that they're giving, notwithstanding the fact that that's required by the notes in 5K1.1. And so one expectation that he would have had is that the court would actually articulate why it is that he's getting the sentence that he's getting beyond I've read your briefs and agree with the government. And so this is where in piles the court was able to sort of look at some of the other statements that the court had made prior to imposing sentence where they were interacting with defense counsel about arguments that were being made and making comments about how the sentencing guidelines related to piles specifically. The court was able to say there is enough in the record to justify the sentence that was imposed in that case. Here it's very different than that. You have these defendants all being addressed simultaneously, and there aren't any statements made about Mr. Zapata-Espinosa specifically. Now what sentence would he hope for? What's the argument that he made that I think would have made a difference to the court or that I think was important for the court to address? I don't know. Did he move for a downward departure separate from the government's recommendation to depart downward? It was part. They made a different recommendation than the government. And so my recollection is that he suggested a sentence of 25 years. And so it wasn't that the parties were even in agreement about how much of a departure he should have gotten or what the ultimate sentence should have been. Again, in my practice, I try not to, at the district court level, I try not to make one argument and say this is the one that's going to make a difference. I try to make a number of arguments. I know, but the brief doesn't tell us anything. That's the problem. I understand. And one of the reasons that I didn't address the specific arguments is that I think that this is one of those cases where we're really left to speculate. What about the pre-sentence report? What about it? There is one, correct? There is. Does it explain the nature of the offense, the request of the parties, the government's position, why a recommendation is made for a particular sentence? I think that the parties all made their arguments, and the description of what happened is also included in the pre-sentence report. So the court had a number of different places that it could rely on in order to … Well, you were saying in piles they looked at other documents. I mean, I thought, well, what about the pre-sentence report, for example? My assumption is that the court reads what the attorneys submit. Well, that's what the court said on the record. I think the concerning issue is it's great they've read everything, but there's four defendants standing in front of you, and at least Mr. Zapata-Espinosa was asking for a reduction, a downward departure. And one of the requirements in that is that the court shall explain why they're giving that reduction. And I understand. He got a reduction. I understand that. And there was an explanation. You may not have thought it was adequate, but there was an explanation by the district court. Why don't we hear from the government? Yes, ma'am. We'll give you a minute on the bottom. Thank you. Good morning. Good morning, and may it please the court, Dan Lenners of the United States. If I might start with the appeal waiver and then move to the merits of the defendant's argument. The fact that the district court, during the plea colloquy, made an accurate yet undetailed description of the plea waiver that was part of the plea agreement, neither removes this case from Han Lee, which says that the failure to explain the plea waiver pursuant to Rule 11 doesn't affect a defendant's substantial rights when the totality of the circumstances shows that that appeal waiver was nonetheless knowing, intelligent, and voluntary. So the district court has four defendants and says, I've read all the parties' submissions, and I sentence all defendants to X. Same analysis apply? I don't believe so, Your Honor. So there is no requirement that there is any individualization? So a mass, I mean, you could have 20 defendants. I don't believe under the circumstances of this case there was the requirement of any individualization. Now, I'm just curious as to the government's position. I think this case is different. One of the reasons this case is different, Judge Pillard, is that the defendant could not make a motion for a downward departure. The only reason that this and the other defendants were entitled to anything other than a mandatory life sentence is because the government filed a substantial cooperation motion under 5K1.1. And under that sentencing guidelines provision, the court is supposed to give substantial weight to the government's recommended sentence because only the government knows the extent of any given defendant's cooperation. It was that reason. Not only that, but the government clearly treated both in its papers and during its sentencing colloquy all of these defendants sort of as a package, comparing their conduct during this murderous assault, comparing the level of their cooperations, and explaining to the court why their recommendations were structured as they were. And so under those circumstances where the government has explained at length each defendant's cooperation, each defendant's conduct during this assault, and sort of structured that package, I think when the court says, I agree with the government's recommendation, as I did earlier this morning and as I did the day before, that the same level of individualized assessment is not necessary. So I appreciate that, and I did see there was some amount of reticulation in the record about which defendant was getting what kind of sentence and why. And I'm just trying to imagine what this defendant's concern is. But it seemed to me that the only concern is he doesn't get as low as somebody like Camarón, who actually tried to open the door, or Cacho, who was one of the people who put the long gun in and actually did some shooting. And I think it's Cacho who had given some truthful and some untruthful, so they couldn't call him to testify. And obviously in this circumstance, with these cartels, showing up in court and testifying is a very risky undertaking, even for someone who's going to be in prison. So I guess he's kind of wondering why. And he was a leader, and they weren't, so that may be why. But he doesn't get, at the end of the day, some of that explanation. So I unfortunately don't know the defendants by their nicknames, Your Honor. Okay. But the only dispute between this defendant and the government was how the court weighed otherwise undisputed facts, the level of his cooperation, which he fully credited the government and said thank you to the government for fully crediting my cooperation, his conduct during the assault, which was largely undisputed, I believe, and which he testified to at trial. So there was no dispute about what he did during this assault, that he was the leader, that he started the whole thing by deciding to pull this vehicle over. There was no dispute about the level of his cooperation. The only dispute was whether A plus B equals 25 years or A plus B equals 35 years. And the court adequately responded to that extremely narrow issue by saying, my instincts are to agree with the victims who asked for a life sentence. But given that this defendant cooperated, given that his cooperation led to the convictions of other people, I'm inclined to agree with the government's recommendation. So there was no complaint that his sentence was wrong vis-a-vis the other defendants. His only disagreement that the court needed to address that sentencing was whether you pick 35 or whether you pick 25. And the court's explanation, although relatively short, adequately addressed that narrow conflict, which is why we think in addition to his appeal being waived is otherwise meritless. If there are no further questions, we'd ask that the judgment be affirmed. Thank you. Anything further? No, Your Honor, unless there are any additional questions. No, thank you. Thank you, Your Honor. You were appointed by the court, and we do appreciate your assistance. Thank you, and I do appreciate the court's patience with me this morning. Thank you. All right, we'll take the case under advisement.
judges: Rogers, Srinivasan, Pillard